IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERIC D. WELCH, #10444-089** | ) |
| | ) |
|        **Petitioner,** | ) |
| | ) |
| vs. | )   Civil No. 19-cv-1344-SMY |
| | ) |
| **D. SPROUL,** | ) |
| | ) |
|        **Respondent.** | ) |

## MEMORANDUM and ORDER

**YANDLE, District Judge:**

Petitioner Eric D. Welch, an inmate in the Federal Bureau of Prisons ("BOP") currently incarcerated at United States Penitentiary Marion ("USP Marion"), brings this habeas action pursuant to 28 U.S.C. § 2241.

Welch makes the following allegations in his Petition and attached Memorandum (Doc. 1): In May 2019, a BOP Lieutenant issued an incident report charging Welch with "Giving money to, or receiving money from, any person for the purpose of any other prohibited purpose." (Doc. 1-1, p. 9). Welch was found guilty of a slightly different charge, "Attempted giving money or anything of value to, or accepting money or anything of value from, another inmate or any other person without staff authorization." He was sanctioned with 30 days loss of commissary and visiting privileges, but not the loss of any good conduct credits. (*Id.*, pp. 29-32).

The incident report was issued to retaliate against Welch for his participation in a lawsuit. (*Id.*, p. 20). As a result of the being found guilty of a conduct violation, Welch became ineligible for the Life Connections Program – an 18-month long faith-based reentry program intended to reduce recidivism.

Welch seeks to have the incident report "vacated" and a declaration that his constitutional

1

rights were violated. (Doc. 1, p. 8).

The Petition (Doc. 1) is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement and if he seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 490, (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). But Welch does not challenge either the fact or the duration of his confinement. Nor would the relief he seeks affect the duration of his confinement.

Welch may be able to pursue an action based on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). However, the Court cannot simply convert his § 2241 petition into a *Bivens* Complaint. *Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005).[1] Accordingly, the Petition must be dismissed.

## Disposition

**IT IS HEREBY ORDERED** that the Petition (Doc. 1) is **DISMISSED without prejudice**.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave

---

[1] This Court is not making any decision on the merits of Welch's claim and is not deciding whether the facts alleged in his petition would state a cause of action under *Bivens*.

to appeal in forma pauperis should set forth the issues Petitioner plans to present on appeal. See FED. R. APP. P. 24(a)(1)(C). If he does choose to appeal and is allowed to proceed IFP, Petitioner will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for Petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: February 28, 2020**

**STACI M. YANDLE**
**United States District Judge**
